(123 So. 802)

No. 30044.

### ASSUMPTION PARISH SCHOOL BOARD v. BANK OF NAPOLEONVILLE.

July 8, 1929.

Gilbert & Gianelloni, of Napoleonville, for appellant.

Aubert L. Talbot, of Napoleonville, and B. A. Campbell, of New Orleans, for appellee.

Lewis R. Graham, of New Orleans, amicus curiæ.

LAND, J. The Bank of Napoleonville is the holder of certain notes of the Assumption parish school board in various amounts, aggregating the sum of $50,500, and representing an indebtedness incurred by the school board prior to January 1, 1929 in the administration of its affairs.

The bank agreed with the school board to accept in exchange for these notes certificates of indebtedness to be issued by the school board under Act No. 18 of the Extra Session of 1928.

Accordingly, on February 21, 1929, the school board adopted an ordinance authorizing the issuance of the certificates, which bear 6 per cent. interest annually, mature in 1 to 20 years, and are secured by pledge of three-quarters of one mill of the three-mill tax levied, collected, and paid to the school board by the police jury of Assumption Parish, under the provisions of section 15 of article 12 of the Constitution of 1921.

Having been advised that Act No. 18 of the Extra Session of 1928 was unconstitutional, the bank refused to comply with its agreement with the school board to accept the certificates in question.

The present suit was then brought to compel the bank to fulfill its obligation. Judgment was rendered in favor of the school board decreeing the act legal, valid, and constitutional, and ordering the bank to perform its agreement with the school board. From this judgment the bank has appealed.

Act No. 18 of the Extra Session of 1928 is attacked by the bank as unconstitutional on the following grounds:

First. That said act violates sub-

section (a) of section 14 of article 14 of the Constitution of 1921, in that it attempts to authorize the Assumption parish school board to incur debt without an election, and contrary to this subsection.

Second. That said act violates subsection (g) of the same section and article of the Constitution, in that it attempts to change the date, prior to which lawfully incurred indebtedness may be funded, from January 1, 1921 to January 1, 1929, and authorizes the funding of indebtedness without an election.

Act No. 18 of the Extra Session of 1928 provides that police juries, parish school boards, and municipal corporations, city of New Orleans excepted, shall have the right and authority to dedicate, appropriate, and pledge not more than two mills of the taxes respectively authorized to such police juries, parish school boards, and municipal corporations by the Constitution and laws of the state, for a period not exceeding 25 years for the payment of any indebtedness, matured and unmatured, exclusive of bonded indebtedness, of such police juries, parish school boards, and municipal corporations, which may have been lawfully incurred prior to January 1, 1929, and that, for the purpose of evidencing such indebtedness, the governing authorities of such police juries, parish school boards, and municipal corporations shall have the authority to issue to a creditor, his representative or transferee, a certificate or certificates of indebtedness for the amount due said creditor; that such certificates shall be issued only when authorized by an ordinance or resolution passed by the governing authority issuing them, and shall be secured by the dedication, appropriation, and pledge of such portion of the taxes authorized respectively to such police juries, school boards, and municipal corporations by the Constitution and laws of the state, not exceeding two mills, as may be provided by the governing authorities.

The act further provides that such certificates of indebtedness so issued shall bear interest not exceeding 6 per cent. per annum, payable annually or semiannually, shall run for a period not exceeding 25 years, and shall be made payable at such times and places as the governing authorities may determine, such certificates to be executed and signed in a manner provided in the act.

The sole purpose of Act No. 18 of the Extra Session of 1928 is to enable a police jury, parish school board, or municipal corporation to fund its ordinary indebtedness incurred prior to January 1, 1929, into certificates, the principal and interest of which are to be paid out of its regular alimony tax.

Parish school boards are the governing authorities of school districts; they are administrative boards; and are vested with exclusive control of their business affairs by the present constitution. Act No. 46 of 1921 (Ex. Sess.) § 2; Const. 1921, art. 12, § 4.

In dealing with current expenses of administration to be paid out of an alimony tax, the debt has already been incurred in lawful manner by a school board, and the funds for its payment have already been provided for by law. In such a case there is no necessity for a special election to incur debt, to be funded into bonds, and to be paid by a special tax, under the authorization of a majority vote of the property taxpayers and duly qualified electors.

Besides, the indebtedness to be incurred under section 14(a) of article 14 of the present Constitution is limited, in so far as the issue of bonds by a school district is concerned, to "acquiring lands for building sites and playgrounds, and for purchasing, erecting, enlarging or improving school buildings and teachers' homes, and acquiring the nec-

essary equipment and furnishings therefor." Const. 1921, art. 14, § 14(b).

It is clear, therefore, that the school board of Assumption parish cannot legally and validly issue bonds under section 14(a) of article 14 for the mere purpose of funding debts or obligations incurred in the daily administration of its affairs. It cannot be argued, therefore, that this section provides an exclusive method for funding the ordinary debts of a school board, when it is not possible to fund such debts under that section in the manner prescribed therein.

In commenting upon the provisions of article 281 of the Constitution of 1913, now covered by section 14 of article 14 of the present Constitution, this court held in the case of Police Jury v. Stafford, 129 La. 455, 467, 56 So. 366, 370 that: "The whole idea of the article is to prescribe *the conditions upon which negotiable bonds may be issued;* and the first condition is that the property taxpayers shall consent to the incurring of the debt which is to be funded, and to the issuance of the bonds which are to be used for that purpose. No other debt than that which is to be thus funded is, as we think, contemplated by the article, and the granting of permission to incur a bonded debt upon certain prescribed conditions does not compel, or authorize, the inference that it is thereby intended to prohibit the incurring of any debt whatever, save upon the observance of the same condition. Such a construction would be unreasonable, since a parish or municipal corporation, like an individual, must either incur debt constantly, or else pay in advance for everything that it gets."

We find nothing, therefore, in the provisions of section 14(a) of article 14 of the Constitution of 1921 that is in conflict with Act No. 18 of the Extra Session of 1928.

Section 14(g) of article 14 of the present Constitution provides that: "For the purpose of readjusting, refunding, extending and unifying the whole or any part of its outstanding indebtedness, including bonds supported by special taxes, bonds issued under Section 4 of Article 281 of the Constitution of 1913, *and any general indebtedness existing January 1, 1921,* any subdivision may, when authorized by vote of a majority, in number and amount, of the qualified property taxpayers thereof voting at" a special "election held for the purpose in the manner herein prescribed, issue refunding bonds not exceeding in amount the bonds refunded, or indebtedness due, and secure payment thereof by pledging not more than two mills of its general alimony tax or by the levying of special taxes as provided in Section 14(a) hereof."

Section 14(g) of article 14 of the state Constitution does not by its terms prohibit the Legislature from providing for the funding of the general indebtedness of any subdivision, incurred since January 1, 1921, out of its alimony tax, and in such manner as the lawmaker might deem proper to direct. Had such been the fixed public policy of the state, the Legislature, without doubt, would have expressly so declared in section 14(g) of article 14 of the present Constitution.

This section, in our opinion, was intended merely as a special provision for the funding of the indebtedness therein specified, including certain bonded indebtedness, and not as a general limitation upon the action of the Legislature in the future.

The clear purpose of the constitutional convention of 1921 was to enable the various subdivisions of the state to pay or to extend their indebtedness, bonded and otherwise, existing prior to January 1, 1921, so as to place these public bodies upon a sound financial basis.

It would be most unreasonable to construe this section as a perpetual prohibition against

the funding of the general indebtedness of the subdivisions of the state out of the alimony tax, except for debts existing prior to January 1, 1921, and then only upon observance of the conditions prescribed in said section. A special election is not necessary in such a case, as no special tax is to be voted or is needed. Nor is there any necessity for obtaining the consent of the taxpayer either to incur, or to pay out of an alimony tax, any indebtedness arising from the current expenses of a police jury, parish school board, or municipality.

The Legislature has declared it to be sound public policy to permit these public bodies to fund into interest-bearing certificates their general indebtedness. Evidently, the Legislature found it necessary to take such a step after January 1, 1921, as the constitutional convention did in dealing with the general indebtedness of subdivisions prior to that date. We fail to find any prohibition in section 14 of article 14 of the present Constitution against such method of funding. Our conclusion is that Act No. 18 of the Extra Session of 1928 is constitutional, and that the certificates issued under this act by the parish school board to the Bank of Napoleonville are legal and valid.

Judgment affirmed.

O'NIELL, C. J., dissents.